IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

ANTHONY GEORGE MULLINS,

                Plaintiff,

v.                                               CIVIL ACTION NO.   3:20-0735

ALLIED WASTE SERVICES OF NORTH AMERICA LLC,
d/b/a Republic Services of West Virginia, and
DANE R. MILLER, general manager,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss. ECF No. 5. For the reasons stated herein, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

This case arises from a motor vehicle accident occurring on September 19, 2018, in Kenova, Wayne County, West Virginia. Plaintiff Anthony George Mullin was employed by Defendant Allied Waste Services of North America, LLC, d/b/a Republic Services of West Virginia ("AWS"). Defendant Dane R. Miller was the general manager of the Huntington division of AWS. Plaintiff was operating a garbage truck, along with his co-worker, when the garbage truck's brakes failed, causing the vehicle to crash and overturn as Plaintiff attempted a left turn from Ridgelawn Road onto W. Va. State Route 75. Because of AWS's conceded failure to repair and maintain the brakes on the truck Plaintiff was required to operate, the truck struck a bridge and rolled over, causing both passengers serious personal injuries. Plaintiff filed a workers' compensation claim for these injuries. Plaintiff also filed a complaint in the Circuit Court of

Wayne County, West Virginia, against both AWS and Mr. Miller (collectively "Defendants"), asserting claims of deliberate intent and negligence. Plaintiff included an affidavit from a proposed expert who alleged that the specific unsafe working conditions violated 49 C.F.R. § 396.3(a), 49 C.F.R. § 396.3(a)(1), and 49 C.F.R. § 396.7(a). The case was removed to this Court.

Defendants filed a Motion to Dismiss and Accompanying Memorandum of Law alleging that Plaintiff's negligence claims were barred by West Virginia's workers' compensation scheme and that Plaintiff had failed to state a claim alleging deliberate intent which would allow Plaintiff to circumvent the immunity afforded to West Virginia employers. ECF Nos. 5, 6. Plaintiff's response stated that his complaint alleged sufficient facts to satisfy the requirements of West Virginia's notice pleading system and Federal Rule of Civil Procedure 8(a)(2). ECF No. 11. Defendants reply noted that Plaintiff failed to address how his negligence claims could survive a motion to dismiss and that his deliberate intent claim continued to be insufficient. ECF No. 12.

## II. LEGAL STANDARD

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level. . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at

the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

## III. DISCUSSION

A. Deliberate Intent

Section 23–2–6 of the West Virginia Workers' Compensation Act is "the exclusive remedy as against an employer for workplace injuries or death and provides general immunity from suit for such injuries or death to qualifying employers." *Young v. Apogee Coal Company, LLC,* 753 S.E.2d 52, 55 (W. Va. 2013). The Act "is intended to remove from the common law tort system all disputes between or among employers and employees regarding the compensation to be received for injury or death to an employee." W. Va. Code Ann. § 23–4–2(d)(1). The only exception to this immunity exists, "if the employer or person against whom liability is asserted acted with 'deliberate intention.'" W. Va. Code Ann. § 23–4–2(d)(2). Under the exception, an employee may recover damages in excess of those received under the workers' compensation scheme. *Mayles v. Shoney's, Inc.*, 405 S.E.2d 15, 18 (W. Va. 1990). The West Virginia Legislature has codified the elements of a deliberate intent claim, requiring the employee prove the following:

> (i) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
> (ii) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition.
> (iii) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer.
> (iv) That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the person or persons alleged to have actual knowledge under subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
> (v) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.

W. Va. Code Ann. § 23-4-2(d)(2)(B).

-4-

Employees attempting to satisfy subsection (iii) by proving the unsafe working condition

violated a state or federal safety statute, rule, or regulation must prove the enactment was:

> *(a)* [S]pecifically applicable to the work and working condition involved as contrasted with a statute, rule, [or] regulation ... generally requiring safe workplaces, equipment or working conditions; [and]
> *(b)* [I]ntended to address the specific hazard(s) presented by the alleged specific unsafe working condition.

W. Va. Code Ann. § 23-4-2(d)(2)(B)(iii).

The Supreme Court of Appeals of West Virginia has provided guidance for courts seeking

to distinguish between a statute, rule, or regulation that is specifically applicable to the working

condition involved and those merely expressing a generalized goal of safety. *See McComas v. ACF*

*Indus., LLC*, 750 S.E.2d 235, 241-42 (W. Va. 2013). The statute, rule, or regulation, must "impose

a specifically identifiable duty upon an employer" and be "capable of application to the specific

type of work at issue." *Id.* (citing *Ryan v. Clonch Indus., Inc.*, 639 S.E.2d 756 (W. Va. 2006)

(*superseded by statute on other grounds*, S.B. 744, 77th Leg., Reg. Sess. (W. Va. 2005))).

### i. Defendant AWS

Defendant asserts that the complaint contains no allegations to substantiate that AWS acted

with a deliberately formed intent to produce Plaintiff's injury. However, Plaintiff has, through its

expert's affidavit, alleged that AWS violated several specifically identified federal regulations

regarding the maintenance and inspection of commercial vehicles promulgated by the Department

of Transportation ("DOT") and industry safety standards. Specifically, the DOT regulations

require that:

> (a) General. Every motor carrier and intermodal equipment provider shall systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles subject to its control.

49 C.F.R. § 396.3(a)

> (1) Parts and accessories shall be in safe and proper operating condition at all times. These include those specified in part 393 of this subchapter and any additional parts and accessories which may affect safety of operation, including but not limited to, frame and frame assemblies, suspension systems, axles and attaching parts, wheels and rims, and steering systems.

49 C.F.R. § 396.3(a)(1)

> (a) General. A motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle.

49 C.F.R. § 396.7(a)

At this stage, the allegations aver that AWS had a duty to inspect, and failed to do so, causing the injury to Plaintiff. Further, Plaintiff alleges that Defendant violated federal regulations and industry standards. At this point, the allegations are sufficient to state a cause of action under the deliberate intent statute. *See Reed v. Marfork Coal Co., LLC*, No. 5:20-CV-00719, 2021 WL 3185995, at *3 (S.D.W. Va. July 26, 2021).

*ii. Defendant Miller*

As to Defendant Miller, the Complaint merely alleges that he was the general manager of AWS's Huntington division. Compl. § III. Although an employee can bring a deliberate intent lawsuit against his employer, he cannot bring one against a non-employer "person" as identified in West Virginia Code Section 232-2-6(a). *See* Syl, Pt. 6, *Young,* 753 S.E.2d 52 (W. Va. 2013). Here, Plaintiff alleges that Mr. Miller was the general manager. The definition of non-employer persons who are immune from liability includes every "officer, manager, representative, or employee of such employer." W. Va. Code Ann. § 23-2-6(a). Given Plaintiff's allegations, Mr. Miller is a "person" under that Section and is entitled to immunity. As such, the deliberate intent claim against Mr. Miller must be dismissed.

B. Negligence

Defendants Motion to Dismiss argues that Plaintiff's negligence claim is barred by West Virginia's workers' compensation laws. *Mot. to Dismiss* at 5-8.   Plaintiff's response did not address this contention. Under West Virginia's Workers' Compensation Act, the benefits provided by the Act supplant common law remedies, making an employer in compliance with the Act immune from common law liability to its employees for negligently causing injuries. *See* W. Va. Code Ann. § 23-4-2(d)(1); *United Fin. Cas. Co. v. Bell*, 941 F.3d 710, 714 (4th Cir. 2019). Again, this immunity is only overcome if a showing of deliberate intent is made. *See* W. Va. Code Ann. § 23-4-2(d)(2). It is undisputed that Plaintiff has filed a Workers' Compensation claim at docket number JCN: 2019006343 arising from the injuries sustained in the same incident. However, because Plaintiff has made out a claim of deliberate intent as to AWS, the negligence claim against it may proceed as well. Because Plaintiff's claim against Mr. Miller fails, his negligence claim necessarily also fails.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss and **DISMISSES** Defendant Miller from this suit. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        September 30, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE